UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:20-CV-14018-ROSENBERG/MAYNARD

REGINA LEE DAWN KELLEY,

    Plaintiff,

v.

KAHOOTZ BAR/GRILL, *et al.*,

    Defendants.
_____/

### ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND

**I.    PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* IS GRANTED.**

**THIS MATTER** comes before the Court on Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). DE 4. Plaintiff states in the IFP Motion that her monthly income is approximately $400 to $500, that she has no money in cash or in a checking or savings account, that her only asset of value is a vehicle worth approximately $1,500, and that she has approximately $5,000 in credit card debt. *Id.* Her Motion demonstrates that she "is unable to pay for the court fees and costs, and to support and provide necessities for" herself. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306-07 (11th Cir. 2004). The IFP Motion is sufficient to show that Plaintiff is eligible to proceed IFP and, therefore, the Motion is granted.

**II.    PLAINTIFF'S COMPLAINT IS DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**

Because Plaintiff is proceeding IFP in this case, the Complaint is subject to screening by the Court. *See* 28 U.S.C. § 1915(e)(2). To survive screening, a plaintiff must state a claim upon which relief may be granted. *See id.* § 1915(e)(2)(B)(ii). A pleading should be dismissed when

it fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading must contain more than labels, conclusions, a formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement. *Id.*

Plaintiff alleges in the Complaint that she works for Kahootz Bar/Grill and its owner Tom Hoover. She alleges that Hoover began "sextually touching" her and "calling wanting sex" in July 2019, and, when she said "no," he "cut [her work] hours" and "was hostile to" her. Plaintiff attached to the Complaint a charge filed with the Equal Employment Opportunity Commission ("EEOC"), in which she alleged sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. She stated in the EEOC charge that she "was subjected to repeated sexual harassment," "constant sexual request[s]," and "physical touching and verbal assaults" by Hoover. She further stated that, when she resisted his advancements, her work hours immediately were cut.

The Court concludes that Plaintiff has pled plausible Title VII sex discrimination and retaliation claims against Kahootz Bar/Grill. For the following reasons, however, Plaintiff must file an Amended Complaint.

First, in the space on the Complaint form to explain the basis for this Court's federal question jurisdiction, Plaintiff has written "EEOC." DE 1 at 4. The EEOC is not a basis for federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). While the EEOC charge reflects that Plaintiff is proceeding under Title VII, the

Complaint itself does not list Title VII. Plaintiff shall specify in the Amended Complaint the federal law or laws on which she bases her claims.

Second, Plaintiff has not indicated whether she has received her right-to-sue letter from the EEOC. If she has not obtained her right-to-sue letter, the proper procedure is dismissal of the Complaint without prejudice until she has exhausted her administrative remedies. *See Grier v. Sec'y of Army*, 799 F.2d 721, 724-25 (11th Cir. 1986). Plaintiff shall specify in the Amended Complaint whether she has received her right-to-sue letter. If she has received the right-to-sue letter, she shall attach a copy of the letter to the Amended Complaint.

Third, Plaintiff listed in the caption of the Complaint that she is suing Kahootz Bar/Grill and Tom Hoover. Elsewhere in the Complaint, however, she indicates that is also suing Lisa, Dave Dixon, Mich, Debbie, and Misty. Plaintiff shall list every defendant in the caption of the Amended Complaint. *See* Fed. R. Civ. P. 10(a) (requiring a complaint to contain a caption that names all of the parties).

Fourth, Plaintiff's legal basis for suing Tom Hoover, Lisa, Dave Dixon, Mich, Debbie, and Misty is unclear. A Title VII claim may be brought only against an employer. *See* 42 U.S.C. § 2000e-2(a) (providing employment practices that are unlawful "for an employer"). "[R]elief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006); *see also Fodor v. D'Isernia*, 506 F. App'x 965, 966 (11th Cir. 2013) (stating that an employee could not state a Title VII claim against his employer business's owner). Thus, Plaintiff cannot state a Title VII claim against the individuals that she names in the Complaint. To the extent that Plaintiff has an alternative legal basis for bringing a claim against the individuals, she shall specify that basis in the Amended Complaint.

Plaintiff shall title her pleading "Amended Complaint." She shall comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. Specifically, the Amended Complaint shall include a caption as required by Rule 10(a). *See* Fed. R. Civ. P. 10(a) (requiring every pleading to have a caption with the court's name, the pleading's title, the court file number, and the names of all of the parties). Plaintiff shall make her allegations in separately numbered paragraphs and shall list each legal claim against each defendant in a separate count as required by Rule 10(b). *See* Fed. R. Civ. P. 10(b) (requiring a party to state claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and to state claims in separate counts if doing so promotes clarity). She shall include all of the factual allegations supporting her claims in the Amended Complaint.

For the foregoing reasons, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [DE 4] is **GRANTED**.

2. Plaintiff's Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**. Plaintiff shall file an Amended Complaint by no later than **February 11, 2020**. The Amended Complaint shall comply with the instructions given in this Order. Plaintiff's failure to file an Amended Complaint by February 11 will result in the closure of this case without further notice.

3. Plaintiff's Motion for a Referral to the Volunteer Attorney Program [DE 3] is **DENIED WITHOUT PREJUDICE**. Plaintiff may renew her motion when and if an Answer is filed in this case.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 29th day of January, 2020.

*[signature]*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copy furnished to *Pro Se* Plaintiff; Counsel of Record