**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 2:20-CV-14018-ROSENBERG/MAYNARD**

REGINA LEE DAWN KELLEY,

    Plaintiff,

v.

KAHOOTZ BAR/GRILL,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT KAHOOTZ BAR/GRILL'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT AND DISMISSING THE AMENDED COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**

**THIS CAUSE** comes before the Court on Defendant Kahootz Bar/Grill's Motion to Dismiss the Amended Complaint and Motion for a More Definite Statement. DE 19; *see also* DE 16. Plaintiff Regina Kelley's Response to the Motion to Dismiss was due by August 14, 2020. On August 19, the Court, having received no Response, issued an Order to Show Cause instructing Plaintiff to show cause in writing by August 26 why she had failed to respond and why the Motion to Dismiss should not be granted. DE 21. The Court stated that Plaintiff's failure to respond to the Order to Show Cause could result in the Court granting the Motion to Dismiss by default under Rule 7.1(c) of the Local Rules for the Southern District of Florida. *Id.*

The Court received Plaintiff's Response to the Order to Show Cause on September 3. DE 22. The Court accepts Plaintiff's explanation of the reasons why she did not timely respond to the Motion to Dismiss or to the Order to Show Cause. However, nowhere in Plaintiff's 300-page filing does the Court see a Response to the legal issues presented in the Motion to Dismiss. *See id.*

To avoid further delay in this case, the Court analyzes the merits of the arguments presented in the Motion to Dismiss, without the benefit of a Response from Plaintiff.

Defendant's Motion to Dismiss raises one valid ground for dismissal of the Amended Complaint. Defendant points out that Plaintiff has failed to allege that Defendant is engaged in an industry affecting commerce with fifteen or more employees. *See* 42 U.S.C. § 2000e(b) (defining the word "employer" for the purpose of a Title VII claim as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day"). Defendant argues that such an allegation is a jurisdictional prerequisite to the Court entertaining Plaintiff's Title VII claim, but Defendant provides no authority to support this argument. At least as to the employee-numerosity requirement for a Title VII claim, Defendant is incorrect that the requirement is jurisdictional. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006) (holding that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue"). Nevertheless, that Defendant is engaged in an industry affecting commerce, and that Defendant has fifteen or more employees, are necessary elements of Plaintiff's Title VII claim. *See* 42 U.S.C. § 2000e-2(a) (specifying employment practices that are unlawful for an "employer"); *see also id.* § 2000e(b) (defining the word "employer"). The Amended Complaint does not address these two elements and, thus, fails to state a claim for relief under Title VII. *See* DE 10.

The remaining arguments in the Motion to Dismiss do not have merit. Defendant maintains that (1) receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") is a jurisdictional prerequisite to a court entertaining a Title VII claim; and (2) because Plaintiff obtained her right-to-sue letter on January 29, 2020, which was after she had commenced this lawsuit on January 17, the Court lacks subject matter jurisdiction over her Title VII claim. Defendant provides no authority for these assertions, and they are both incorrect. *See Pinkard v.*

*Pullman-Standard, A Div. of Pullman, Inc.*, 678 F.2d 1211, 1218-19 (5th Cir. Unit B 1982) (holding that the receipt of an EEOC right-to-sue letter is a condition precedent to a Title VII lawsuit that may be equitably modified and is not a jurisdictional prerequisite, and concluding that "the receipt of a right-to-sue letter subsequent to the commencement of a Title VII action, but while the action remains pending, satisfies the precondition")[1]; *see also Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000-10 (11th Cir. 1982). Plaintiff's receipt of her EEOC right-to-sue letter 12 days after she commenced this lawsuit is not a barrier to maintaining her Title VII claim.

Defendant makes further arguments that this Court's prior Orders have already resolved. Defendant argues that the Amended Complaint fails to state a claim for liability under 42 U.S.C. § 1983. However, the Court previously dismissed without prejudice any § 1983 claim, to the extent that Plaintiff intended to raise such a claim. DE 11 at 2 n.1. It appears that Plaintiff simply utilized the civil rights complaint form to file her Amended Complaint raising her Title VII claim. *See* DE 10. Defendant also argues that Plaintiff failed to join a necessary party by suing only Tom Hoover, the owner of Kahootz Bar/Grill, and not suing Kahootz Bar/Grill. But the Court previously construed the Amended Complaint as raising a Title VII only against Kahootz Bar/Grill and ordered service on Kahootz Bar/Grill. DE 11; DE 12.

Finally, Defendant alternatively asks the Court to order Plaintiff to make a more definite statement of her claim. Defendant provides no explanation of the additional information that it seeks and points to no authority to demonstrate that Plaintiff's allegations are insufficient to enable Defendant to file an Answer. Defendant has not shown grounds for ordering a more definite statement. *See* Fed. R. Civ. P. 12(e) (requiring a motion for a more definite statement to "point out the defects complained of and the details desired").

---

[1] Decisions of the former Fifth Circuit, Unit B are binding precedent in this Circuit. *United States v. Gonzalez*, 940 F.2d 1413, 1420 n.9 (11th Cir. 1991).

It is appropriate to give Plaintiff an opportunity to correct the deficiency described above, that is, that the Amended Complaint fails to allege that Defendant is engaged in an industry affecting commerce and has fifteen or more employees. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a party generally should be given at least one chance to amend a complaint to state a claim for relief). Any Second Amended Complaint shall address those elements and include the factual basis for an assertion that the elements are satisfied. Any Second Amended Complaint shall be labeled "Second Amended Complaint" and shall comply with the pleading requirements set out in the Court's prior Orders. *See* DE 5; DE 9. Plaintiff shall include all of the allegations supporting her claim in the Second Amended Complaint and may not incorporate prior versions of the Complaint by reference. Plaintiff has the option to file a Notice of Dismissal of this case if she is unable to satisfy the elements of a Title VII claim.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Kahootz Bar/Grill's Motion to Dismiss the Amended Complaint and Motion for a More Definite Statement [DE 19] is **GRANTED IN PART AND DENIED IN PART**. The Motion to Dismiss is **GRANTED**. The Motion for a More Definite Statement is **DENIED**.

2. Plaintiff's Amended Complaint [DE 10] is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**.

3. Plaintiff shall file any Second Amended Complaint by **September 14, 2020**. Plaintiff's failure to file a Second Amended Complaint by September 14 **will result in the closure of this case without further notice**. Plaintiff shall account for any mailing delays to meet this deadline and ensure that the Court receives her filing by September 14.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 4th day of September, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Plaintiff
Counsel of Record

4